## Poillon's Adm'r v. Louisville Railway Co.

(Decided November 22, 1910.)

### Appeal from Jefferson Circuit Court.

1. Street Car Collision—Operatives—Fellow Servants—Death of One—Negligence of Another—The Operatives on different cars are not fellow servants and there may be a recovery for the death of one if due to the negligence of the motorman of the other car. The trolley was liable to slip from the cable at intersections and it was the duty of the conductor to watch the trolley.

2. Same—Killing of Conductor—Correct Name Not Known—Instructions to Jury.—On the trial of a street railway company for negligently killing the conductor, where the correct name of the conductor was not known, whether it was George Poillon or George Pollard, it was error in the court to instruct the jury that if the man killed, by the negligence of the defendant, was in truth George Poillon they should find for the plaintiff, but unless the man killed was George Poillon they should find for defendant; but the court should have referred to him as George Poillon, alias George Pollard.

3. Conductor—Care Required for Passengers.—A conductor who has charge of a street car may go on the outside when called to do so in the discharge of his duty or when he has reason to think it is his duty to do so. He has charge of the passengers and he should exercise a high degree of care for their safety, and contributory negligence should not be imputed to him unless in attempting to do so as conductor his conduct was not that of an ordinarily prudent man under the circumstances.

4. Instructions—Rules of Company—Right of Way—In lieu of the second instruction the court should have told the jury that under the rules of the company the Jefferson street car had the right

of way over the Eighteenth street car, and when the latter collided with the former and thus deceased was killed, the defendant was liable unless the collision was due to causes that could not have been anticipated and avoided by ordinary care on the part of those in charge of the Eighteenth street car, or that decedent at the time he was hurt was outside of the car for purposes of his own and not in an effort to discharge his duties as conductor, or his conduct in doing what he did was not such as may be reasonably expected of a man of ordinary prudence under the circumstances, and in either of these events the defendant is not liable.

5. Evidence—Rules of Company Not in Force—On the trial the court properly refused to admit in evidence, rule 75 of the company, there being no evidence that the rule was in force at the time of the accident.

6. Drunkenness of Deceased—Evidence.—When decedent was picked up fragments of broken glass were found in his overcoat pocket and the overcoat smelled of whisky and was wet with it. This evidence was not admissible unless accompanied by proof that deceased was drunk or drinking at the time of the accident.

EDWARDS, OGDEN & PEAK, for Appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE, for Appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

George Poillon was a conductor on one of the cars of the Louisville Street Railway Co. on Jefferson street which runs east and west. As his car was passing over the intersection at Eighteenth street, he stepped from the rear platform to the bumper at the back of the car and was standing with one hand on the trolly rope, when an Eighteenth street car belonging to the same company collided with his car, catching him between the two cars, and mashing him so that he died almost instantly. This action was brought to recover for his death; the jury found for the defendant, and the court having refused a new trial and entered judgment on the verdict, the plaintiff appeals.

The car of the decedent was where it had a right to be. A rule of the company provided:

"At intersections cars running on east and west lines will have the right of way over cars on north and south lines, all things equal."

There was nothing exceptional shown, and on the facts, the decedent's car had the right of way over the

Eighteenth street car. The decedent's car was passing over the crossing slowly as required by the rule and the motorman on the Eighteenth street car either misjudged how long it would take to clear the intersection or did not check his car soon enough, and so ran into it. The operatives on the different cars were not fellow servants; and there may be a recovery for the death of the decedent if due to the negligence of the motorman on the other car. The trolley was liable to slip from the cable at intersections and it was the duty of the conductor there to watch the trolley. The holding of the rope tight tended to keep the trolley from jumping from the cable. The usual way of doing this was to stand on the floor of the platform and lean out.

The decedent had come to Louisville from Indiana. He had gone while in Louisville under the name of George Pollard. The plaintiff in his petition stated that his intestate was sometimes called Pollard, and was known to the defendant as Pollard, but his true name was Poillon. In the answer the defendant denied that the plaintiff's decedent was killed by its negligence, and pleaded that he was guilty of contributory negligence which caused his injury. It did not deny that the plaintiff's intestate was in its employment as a conductor or that he was killed. It only pleaded a want of knowledge or information sufficient to form a belief that plaintiff's decedent's true name was Poillon. The case being tried under these pleadings, evidence was introduced pro and con as to what the man's real name was, and the court by instruction No. 1, told the jury in substance that if the man was killed by the negligence of the defendant, and if the man so killed was in truth George Poillon they should find for the plaintiff. He also told them by instruction No. 2 that unless the man killed was in truth George Poillon they should find for the defendant. This was error. There was no issue in the pleadings that the plaintiff's intestate had been killed. The question whether his name was Poillon or Pollard was not material; it had been tried out in the county court. The court had there determined that his name was Poillon, and had so appointed the administrator; the question before the circuit court was not of two men, but of two names for one man. The court should have omitted so much of instructions 1 and 2 as submitted to the jury the true name of the plaintiff's

intestate, and should in No. 1 have referred to him as
George Poillon alias George Pollard. A judgment here
will protect defendant if his true name is not George Poillon.

The accident occurred in daylight. The motorman
saw the Jefferson street car in time. He knew it had the
right of way. His running into it under the evidence
was negligence on his part unless this was due to causes
which ordinary care should not have guarded against. A
passenger who goes outside of his car and so places himself where he has no right to be, takes the risk because
his place is in the car. But a conductor who has charge
of a car may go on the outside when called to do so in
the discharge of his duty, or when he has reason to think
it necessary in the discharge of his duty. He has charge
of the passengers;he should exercise a high degree of care
for their safety, and contributory negligence should not
be imputed to him while in the attempted discharge of
his duties as conductor, unless his conduct was not that
of an ordinarily prudent man under the circumstances.

In lien of the second instruction the court should
have told the jury that under the rules of the
company, the Jefferson street car had the right
of way over the Eighteenth street car, and when
the latter collided with the former and thus the
deceased was killed, the defendant is liable; unless the collision was due to causes that could not have
been anticipated, and avoided by ordinary care on the
part of those in charge of the 18th street car; or the deceased at the time he was hurt, was outside of the car for
purposes of his own and not in an effort to discharge his
duties as conductor; or his conduct in doing what he did
was not such as may be reasonably expected of a man of
ordinary prudence under the circumstances; and in either
of these events, the defendant is not liable.

The court properly refused to admit in evidence rule
75 offered by the plaintiff on the trial, there being no
evidence that the rule was in force at the time of the accident. The fact that a rule is not in the book of rules
issued by the defendant is not conclusive that a rule is
not in force, for the company may have rules that are not
printed in the book, but before a rule can be given in evidence there must be proof that this rule was in force at
the time of the injury. The rule referred to may have

been in force some years before, but as we understand the record, it had been omitted from a revision of the rules made about a year before the accident. There being no proof introduced on the trial to show that it was in force at the time the intestate was killed, the court properly refused to allow it to be read to the jury.

When the decedent was picked up, fragrants of broken glass were found in his overcoat pocket, the overcoat smelled of whisky, and was wet with it. The defendant was allowed to prove this fact, and of this the plaintiff complained. The defendant offered no evidence to show that the intestate was drunk or drinking at the time. For all that appears he simply had a bottle of whisky in his pocket which was broken when he was mashed between the two cars. How he came to have it is not explained, as he died instantly. The case cannot be reversed on account of the admission of this evidence, because both sides went into it on the trial, and neither is in a position to complain; but on another trial the evidence will be omitted unless it is accompanied by proof that the decedent was drunk or drinking at the time. It is insisted that the evidence should be admitted because it tended to explain why the decedent was on the bumper. It is said that having the bottle of whisky he had gone back there to drink it. But there is nothing to bear this out. He had his hand on the trolley rope; when he was dead the fragments of the bottle were in the overcoat pocket. The inference that he went to the rear because he had the whisky is too vague to justify the admission of the evidence on the facts now appearing. The defendant may show the deceased was intoxicated; for a drunken man will do things a sober man will not do, and the fact that the deceased was intoxicated might throw light on his conduct and serve to explain it. But in the absence of proof that he was drinking, proof that a bottle of whisky was in his overcoat pocket is no more relevant than would be proof that his Bible or a bottle of some limiment was found in it.

Judgment reversed and cause remanded for a new trial.